FILED

2019 SEP 26 P 1:29

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: **19MJ10888** |
|---|---|
| Plaintiff, | COMPLAINT FOR VIOLATION OF: |
| v. | Title 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm |
| Calvin James HUNT, Jr., | Title 18 U.S.C. § 922(o) – Possession of a Machinegun |
| Defendant. | |

The undersigned complainant being duly sworn states:

### COUNT ONE

On or about September 25, 2019, within the Southern District of California, defendant Calvin James HUNT Jr., knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce, to wit: a Glock, model 22, .40 caliber pistol bearing serial number XR429 US and a Glock, model 17, 9 millimeter pistol bearing serial number AAT373 US; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWO

On or about September 25, 2019, within the Southern District of California, defendant Calvin James HUNT Jr., did knowingly and intentionally possess a machine gun, and was aware of the essential characteristics of that machine gun under 921(a), to wit: a Glock conversion device, which was affixed to a Glock model 22, .40 caliber pistol bearing serial number XR429 US; in violation of Title 18, United States Code, Section 922(o).

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_Angeli Carpenter_
Angelica Carpenter, Special Agent
Bureau of Alcohol, Tobacco And Firearms

Sworn to me and subscribed in my presence this 26TH DAY OF SEPTEMBER, 2019.

_Ruth Bermudez Montenegro_
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

2

1 United States of America
2     vs.
3 CALVIN JAMES HUNT, JR.
4
5                           STATEMENT OF FACTS

6       On or about July 23, 2019, the Bureau of Alcohol, Tobacco, Firearms and
7 Explosives (ATF) Special Agents (SAs) contacted an individual, later utilized as a
8 cooperating defendant (CD)[1], at his residence in Yuma, AZ in regards to several
9 firearms purchases and Firearm Trace Summaries (FTS). FTS detail information from
10 firearms recovered, domestically and internationally, by law enforcement and provides,
11 among other things, a firearm's original purchaser, purchase location, purchase date,
12 recovery date, etc.

13       The CD provided information to the SAs that he had sold approximately fifteen
14 (15) to twenty (20) firearms to an individual the CD knew to reside in El Centro, CA.
15 The CD identified this individual by the name "Jay" and described him as a black male,
16 approximately six feet tall, with braided hair, and works in El Centro, CA. The CD
17 admitted to selling firearms to this individual on at least three (3) occasions in Holtville,
18 CA. Additionally, the CD stated this individual contacts the CD often, asking the CD
19 what firearms the CD has available for sale.

20       ATF also received information from the Department of Homeland Security
21 Investigations (HSI) in reference to their investigation into James Calvin HUNT Jr. HSI
22 documented surveillance on HUNT in which HUNT was observed travelling from El
23 Centro, CA to Yuma, AZ and meeting with two separate individuals. During these two
24 meets, HUNT was provided a box. A subsequent traffic stop of HUNT later that
25 evening in El Centro, CA by the El Centro Police Department (ECPD) led to the
26 discovery of two (2) firearms that were recovered from HUNT's vehicle during an
27 _____
28 [1] The cooperating defendant will be charged in the District of Arizona and has not made any promises or guarantees in reference to charging or sentencing. The CD has no prior criminal history.

1 inventory search. One of the firearms revealed to have been originally purchased by
2 the CD and surveillance conducted by HSI showed that CD's vehicle was observed
3 meeting with HUNT that day.

4     Based on the aforementioned information, on or about September 25, 2019, ATF
5 utilized an undercover SA, along with the CD, to conduct the sale of two (2) firearms
6 to HUNT. The CD, at the direction of ATF SAs, offered HUNT two (2) firearms for
7 sale. SAs provided the CD with two (2) pictures of the firearms to provide to HUNT,
8 to wit: a Glock, model 22, .40 caliber pistol bearing serial number XR429 US and a
9 Glock, model 17, 9 millimeter pistol bearing serial number AAT373 US. Additionally,
10 the Glock, model 22 pistol had a Glock conversion device affixed to it. A Glock
11 conversion device – commonly referred to as a "Glock Switch" or "Glock Auto Sear"
12 – is a part, or combination of parts, designed and intended for use in converting a semi-
13 automatic Glock pistol into a fully-automatic pistol, making it a machinegun. The CD
14 was directed to offer both firearms and inform HUNT of the Glock conversion device.
15 HUNT stated he wanted both firearms and also stated, "so its full auto" via text message
16 to the CD. HUNT and the CD agreed upon the sale of the firearms for $1,100.

17     HUNT agreed to meet with the CD in Holtville, CA on September 25, 2019. An
18 ATF undercover accompanied the CD to conduct the sale of the firearms.[2] When
19 HUNT arrived at the meeting location, HUNT exited the passenger side of a white sedan
20 vehicle. The CD exited his vehicle and opened the trunk area where the two (2)
21 aforementioned firearms were located. HUNT asked the CD if the Glock conversion
22 device could be taken off of the Glock model 22 pistol and placed onto the Glock model
23 17. The CD affirmed that was possible. HUNT then dropped the money next to the
24 firearms in the trunk, to which the CD then picked up the money and placed it into his
25 pocket. HUNT asked about the magazines, to which the CD then retrieved from the

---

[2] All messages between the CD and HUNT were preserved. The controlled sale of firearms involving the CD, HUNT, and ATF undercover was audio recorded.

4

back seat area. As HUNT was grabbing the firearms from the CD's trunk, ATF SAs affected the arrest of HUNT.

Records checks on HUNT revealed the following relevant criminal history:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 09/07/2001 | CASC – San Diego | PC 459 – Burglary (2 Counts)<br>PC 487 – Grand Theft | 365 Days Jail on all three counts (concurrent) |
| 08/12/2003 | CASC – San Diego | PC 12021(A)(1) – Felon in Possession of a Firearm | 2 Years Prison |
| 05/10/2005 | CASC – San Diego | VC 10851(A) – Take Veh w/o Consent<br>VC 2800.2(A) – Evade Peace Officer | 3 Years Prison |
| 02/19/2008 | CASC – Fresno | PC 666 – Petty Theft w/prior conviction | 1 Year, 4 months Prison |
| 05/06/2013 | CASC – San Diego | PC 29800(A)(1) – Felon in Possession of a Firearm<br>VC 2800.2(A) – Evade Peace Officer | 5 Years, 8 months Prison |
| 09/18/2012 | CASC – San Diego | PC 3000.08 – Felony Parole Violation | 180 Days Jail |

The firearms were taken back into ATF custody and the $1,100 was seized as evidence. Preliminary checks revealed that the firearms were not manufactured in California. Therefore, the firearm traveled in, and/or affected interstate commerce to arrive in the state of California.